```
             UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                    05-CR-319(JMR)
                    07-CV-2025(JMR)
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| Timothy Robert Biwer | ) | |

Petitioner, Timothy Robert Biwer, seeks relief pursuant to 28 U.S.C. § 2255. His petition is denied.

I. <u>Background</u>

On September 27, 2005, petitioner was charged in a one-count information with bank fraud, in violation of 18 U.S.C. § 1344. He pleaded guilty to the charge on October 24, 2005. On April 24, 2006, he was sentenced to 24 months imprisonment. He did not appeal his conviction or sentence.

Petitioner now moves the Court to vacate, set aside, or correct his sentence due to extraordinary physical impairment pursuant to § 5H1.4 of the United States Sentencing Guidelines, based on § 28 U.S.C. 2255 or a downward departure. Specifically, petitioner seeks a reduction in sentence or immediate release due to his physical condition of lumbar spine degenerative disc disease with radiculopathy and lumbar spondyloslysis. He claims the treatment he receives for these conditions at the Federal Prison Camp in Duluth, Minnesota, is inadequate.

Petitioner has frequently filed grievances with the Bureau of Prisons ("BOP") claiming inadequate medical care. The complaints were investigated and the BOP denied lack of medical attention.

Notwithstanding petitioner's repeated complaints, he has never filed an administrative request with the BOP seeking sentence reduction by way of compassionate release, release to a halfway house, or home confinement.

II. Discussion

As a court of limited jurisdiction, a federal court must be statutorily authorized to modify a previously imposed sentence. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). As a general rule, under 18 U.S.C. § 3582©, a court "may not modify a term of imprisonment once it has been imposed." The statute contains certain exceptions, none of which apply here. See 18 U.S.C. § 3582©.

The exceptions include authority to modify a sentence when the BOP's Director moves for sentence reduction pursuant to the so-called compassionate release provision. 18 U.S.C. § 3582(c)(1)(A). Such a motion must be based either on extraordinary and compelling reasons, or because a defendant is at least 70 years old, has served at least 30 years in prison, and is no longer considered dangerous. 18 U.S.C. § 3582(c)(1)(A). Second, a court is authorized to modify a sentence when expressly permitted by statute or in accordance with Rule 35 of the Federal Rules of Criminal Procedure.[1] 18 U.S.C. § 3582(c)(1)(B). Third, a court may modify

---

[1]Rule 35 permits resentencing if an error in the judgment is discovered within 7 days of sentencing, or the government moves for a sentence reduction based on substantial assistance.

an imposed sentence when a guideline range has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). None of these exceptions apply in this case.

While the BOP knows of petitioner's condition and is fully aware of his claims of inadequate medical care, the BOP Director has not made a motion to reduce his sentence. Beyond this, petitioner has neglected to follow the BOP administrative procedures which might prompt the Director to consider making such a motion.[2] Accordingly, the Court has no authority under § 3582(c)(1)(A) to issue a compassionate release.

As to any statutory authority for a sentence modification, petitioner has premised his request on 28 U.S.C. § 2255. This statute applies to a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. While a court may resentence a defendant under § 2255, that authority is reserved for cases where the original sentence was imposed in error. See United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997). This

---

[2]The Court notes, parenthetically, that even when a prisoner exhausts his administrative remedies by requesting compassionate release, the Court lacks jurisdiction to review the Director's decision against granting the requested relief. See Gutierrez v. Anderson, 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006).

authority is unavailable here. Petitioner was convicted and sentenced in accordance with the law. He does not argue otherwise. As a result, § 2255 provides no authority for the Court to modify petitioner's sentence.

The government suggests that if petitioner exhausts his administrative remedies, he may be able to challenge his sentence or the conditions of his confinement using a 28 U.S.C. § 2241 writ of habeas corpus. This provision allows a federal prisoner to challenge an unconstitutional or illegal sentence in the district in which he is incarcerated. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). But § 2241 relief is only available if the prisoner first exhausts BOP administrative remedies. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). The Court cannot construe petitioner's current motion as a § 2241 petition for want of exhaustion.

Finally, the third exception under § 3582(c)(2) permitting resentencing when the Sentencing Guidelines have been lowered clearly does not apply, because the Sentencing Commission has not changed petitioner's guidelines.

Petitioner also claims relief pursuant to § 5H1.4 of the United States Sentencing Guidelines. His request is unavailing. The Sentencing Guidelines do not confer authority upon a court to modify a previously imposed sentence; rather, they are used in fashioning an appropriate sentence in the first instance. See

4

Morales v. United States, 353 F. Supp. 2d 204, 204-05 (D. Mass. 2005). Beyond this, it appears petitioner's back condition was present long before sentencing, but petitioner made no motion pursuant to § 5H1.4 either at sentencing or by way of appeal. "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). This Court finds no authority to invoke a previously available Guideline sentencing provision once a defendant begins his sentence.

Further, petitioner asks the Court to consider his petition as a "hybrid" between a § 2255 petition and a civil complaint filed pursuant to 42 U.S.C. § 1983, citing Muhammed v. Close, 540 U.S. 749, 750 (2004). The Muhammed Court identified and differentiated between the "two main avenues to relief on complaints related to imprisonment," a habeas petition and a § 1983 action. Id. Habeas petitions permit "challenges to the validity of any confinement or to particulars affecting its duration." Id. A civil action pursuant to 42 U.S.C. § 1983 may be filed for "relief turning on circumstances of confinement." Id. The Muhammed Court identified some cases as "hybrids," id., wherein success in a § 1983 action would "implicitly question the validity of conviction or duration of sentence." Id. at 751. In such cases, a prisoner is required

to successfully challenge his conviction through direct appeal or habeas petition before bringing a § 1983 action. <u>Id.</u> (citing <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)).

Even if petitioner is correct in considering his case a hybrid, the fact is irrelevant. Regardless of whether petitioner's complaint presents grounds for a § 1983 action, the relief he now seeks, immediate release or a reduction in his term of imprisonment, is available only on direct appeal or through a habeas petition. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994). As discussed above, petitioner did not appeal his sentence, and the Court lacks statutory authority to reconsider petitioner's sentence pursuant to a habeas petition.

Because the Court lacks authority to revisit petitioner's sentence, the Court denies his petition for relief.

III. <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). <u>See</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." <u>Flieger v. Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 15] is denied.

2. No Certificate of Appealability will be issued.

Dated: January 16, 2008

<u>s/ James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States Chief District Judge